**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STUART L. STEIN and STUART L.
STEIN, P.A., a professional law
corporation d/b/a The Stein Law Firm,

    Plaintiffs-Appellants,

    v.

LEGAL ADVERTISING
COMMITTEE OF THE
DISCIPLINARY BOARD, STAN
HARRIS, Chair, C. BRIAN
CHARLTON, CHAD D. COOPER,
JOHN P. COSENTINO, MICHAEL P.
FRICKE, KYLE H. MOBERLY,
BARBARA MONTOYA, TROY W.
PRICHARD, and GREGORY P.
SHERMAN, all members of the LAC;
DISCIPLINARY BOARD OF THE
SUPREME COURT OF NEW
MEXICO, MICHAEL H. HOSES,
Chair, JAMES F. BECKLEY, SASHA
SIEMEL, RICHARD J. PARMLEY,
JR., VICTOR A. TITUS, MIKE G.
PAULOWSKY, DOROTHY S.
PETERS, LARRY RAMIREZ,
ROGER COPPLE and ROBERT S.
MURRAY, all members of the
Disciplinary Board, and HON. PETRA
MAES, HON. PAMELA B.
MINZNER, HON. PATRICIO M.
SERNA, HON. RICHARD C.
BOSSON, and HON. EDWARD L.
CHAVEZ, the Chief Justice and
Justices of the Supreme Court of New
Mexico,

No. 03-2169

(D. New Mexico)

(D.C. No. CIV 03-631 LFG/RHS)

Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE** , **McCONNELL** , and **HARTZ** , Circuit Judges.

---

Stuart L. Stein appeals the district court's decision to abstain under the *Younger* doctrine in his case against the entities and individuals responsible for disciplining New Mexico attorneys ("Defendants"). He argues that the state proceedings do not satisfy the conditions for a *Younger* abstention because they are no longer in progress and will not provide an adequate forum for his federal claims. Because we find that the state proceedings are still in progress and will provide an adequate forum to hear Mr. Stein's federal claims, we AFFIRM the judgment of the district court and DENY all of Mr. Stein's pending motions.

### I. Factual Background.

Mr. Stein is a New Mexico attorney specializing in estate planning. He regularly presents seminars on creating living trusts and also advises clients on how to structure their assets in order to qualify for Medicaid. He solicits

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

potential clients through print advertising. Until recently, New Mexico attorneys wishing to advertise had to submit potential advertisements to the Legal Advertising Committee ("LAC") for approval prior to public dissemination. [1] If the LAC found that a proposed advertisement violated New Mexico legal advertising regulations it would issue a report to the Disciplinary Board of the Supreme Court of the State of New Mexico ("Disciplinary Board") if the attorney disseminated the advertisement without correction. After receiving a report from the LAC, the Disciplinary Board would have the option to file formal charges against the attorney. If the Disciplinary Board filed formal charges, the Disciplinary Board would also appoint a hearing officer to preside over the proceedings. Following an adverse decision by the hearing officer an attorney could appeal to the full Disciplinary Board and, if unsuccessful, to the New Mexico Supreme Court.

On June 28, 2002, Sally Scott-Mullins, Deputy Chief Disciplinary Counsel of the Disciplinary Board, sent a letter to Mr. Stein notifying him that the LAC forwarded complaints to her regarding legal advertisements he had submitted. The letter suggested changes and deletions to the advertisements. The letter also informed Mr. Stein that if he made the changes he would receive an informal

---

[1]After the district court issued its opinion in this case the New Mexico Supreme Court dissolved the LAC. *See* NMRA, Rules 16-706 and 16-707 (2004).

admonition, and if he did not he would face formal disciplinary charges. The letter required a response by July 15, 2002. Mr. Stein requested, and received, an extension until August 5, 2002.

**A. *Stein I.***

Instead of responding to the letter, Mr. Stein filed a federal lawsuit on July 29, 2002 against the LAC, the Disciplinary Board, and the New Mexico Supreme Court. *See Stein v. Legal Advertising Committee of Disciplinary Bd.*, 272 F.Supp.2d 1260 (D.N.M. 2003) (hereinafter *Stein I*). He sought a preliminary injunction prohibiting the Disciplinary Board from acting against him. He alleged violations of the First Amendment, the Due Process Clause, and the Equal Protection Clause, pursuant to 42 U.S.C. § 1983. In response, the Defendants filed a motion to dismiss based on abstention, exhaustion, and/or immunity, motions for partial summary judgment on each claim asserted, and a response to the preliminary injunction motion.

On October 22, 2002, Ms. Scott-Mullins filed formal charges against Mr. Stein. The Disciplinary Board convened a hearing committee to consider the evidence and make findings of fact regarding the charges (hereinafter, *Stein Disciplinary Proceeding*). On February 6, 2003, the district court granted the Defendants' motion to dismiss on *Younger* abstention grounds, concluding that

the *Stein Disciplinary Proceeding* was in progress and that Mr. Stein would have an opportunity to raise any constitutional claims during that proceeding.

**B. *Stein II.***

On March 17, 2003, the hearing committee issued an order noting that any arguments Mr. Stein wished to raise about the constitutionality of the New Mexico Advertising Rules could be raised by a motion to dismiss, as an affirmative defense in his answer, or both. On April 9, 2003, the LAC denied two new advertisements submitted by Mr. Stein. The LAC also advised Mr. Stein that if he did not terminate use of these advertisements he might face professional discipline.

In response to denial of the new advertisements, Mr. Stein filed another federal lawsuit (hereinafter *Stein II*). The complaint in *Stein II* alleged violations similar to those alleged in *Stein I*. On April 21, 2003, the Defendants filed a motion to dismiss. On April 22, 2003 the district court issued an order dismissing the case without prejudice, again on *Younger* abstention grounds.

**C. *Stein III.***

After *Stein II* there were two notable developments. First, Mr. Stein filed a counterclaim and a third party claim in the *Stein Disciplinary Proceeding*. Ms. Scott-Mullins filed a motion to strike these claims because the hearing committee had already advised Mr. Stein to file any constitutional claims in a motion to

dismiss or in his answer.  Second, Mr. Stein filed a petition before the Disciplinary Board seeking declaratory relief and appealing the LAC's denial of the *Stein II* advertisements.  In response, the Disciplinary Board issued an order staying the *Stein Disciplinary Proceeding*.   The Disciplinary Board issued the stay because the constitutional issues raised by the petition for declaratory relief and the appeal of the *Stein II* advertisements encompassed the same constitutional issues implicated in the *Stein Disciplinary Proceeding*.

On May 27, 2003, Mr. Stein filed a third federal lawsuit against the Defendants (hereinafter *Stein III*).  The complaint was largely similar to *Stein I & II*, but alleged that the two developments since *Stein II* eliminated the abstention rationale.  The Defendants filed a motion to dismiss and/or for summary judgment.  On June 17, 2003, the district court dismissed the case without prejudice on *Younger* abstention grounds.  Mr. Stein filed a timely appeal.

## II. Analysis.

A district court's abstention under     *Younger*  is subject to de novo review. *Amanatullah v. Colorado Board of Medical Examiners*        , 187 F.3d 1160, 1163 (10th Cir. 1999).    A federal court must abstain under *Younger* if (1) there is a state, civil, criminal or administrative proceeding that is in progress and is judicial in nature; (2) the state proceeding provides an adequate forum to hear a litigant's federal claims; and (3) the state proceedings involve important state

interests. *Id.* at 1163. In this appeal, Mr. Stein argues that the state disciplinary proceedings are no longer in progress and that the state is not providing an adequate forum for him to present his constitutional challenge to New Mexico's advertising regulations.

**A. The in progress requirement.**

Mr. Stein argues that the state proceedings are no longer in progress because of the stay of the *Stein Disciplinary Proceeding* and the uncertain status of his appeal of the rejection of the advertisements at issue in *Stein II* . In order to show that state proceedings are no longer in progress a litigant must show exhaustion of his state appellate remedies. *Morrow v. Winslow* , 94 F.3d 1386, 1392 (10th Cir. 1996). We take judicial notice of an order issued by the New Mexico Supreme Court on October 26, 2004, stating that the Disciplinary Board has jurisdiction to hear Mr. Stein's petition for declaratory judgment. This order demonstrates that Mr. Stein has yet to exhaust his state appellate remedies, and consequently his arguments are, at best, premature. He cites no authority for his contention that temporarily staying one element in a group of related state proceedings provides an exception to the exhaustion rule. The exhaustion rule is a clear and sensible approach to *Younger* analysis, and we see no reason to compromise it. Accordingly, we conclude that the proceedings are still in progress for *Younger* purposes.

**B. Adequate forum.**

In the context of state administrative proceedings, there is an adequate forum for *Younger* purposes if a litigant may raise federal claims during state court review of the proceedings. *Amanatullah*, 187 F.3d at 1164 (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986)). Mr. Stein does not argue that New Mexico law precludes him from asserting his federal claims during state court review of the Disciplinary Board's actions. Instead he offers two arguments that are legally irrelevant and demonstrably inaccurate. First, he argues that there is some doubt whether the Disciplinary Board will entertain his petition for a declaratory judgment on his constitutional claims. Second, he contends that there are no procedures to govern a request for a declaratory judgment before the Disciplinary Board. The October 26, 2004 Order of the New Mexico Supreme Court dispenses with both of these claims. The Order provides that the Disciplinary Board has jurisdiction over the petition for a declaratory judgment and should use the procedures outlined in NMRA, Rule 17-314(A) to govern these proceedings. Thus, Mr. Stein will get a chance to present his federal claims in a structured state administrative proceeding—a setting that is adequate for *Younger* purposes.

### III. Conclusion.

The State of New Mexico is attempting to provide Mr. Stein with a forum to present his federal challenges to New Mexico's attorney advertising rules. Despite being met with Mr. Stein's increasingly inventive motions at every turn, the proceedings continue to meet the conditions that require a *Younger* abstention. Accordingly, we AFFIRM the ruling of the district court and DENY all of Mr. Stein's pending motions.

Entered for the Court,

Michael W. McConnell
Circuit Judge